**ORIGINAL**

Lanny Alan Sinkin
Tx. Bar #18438675
Admitted to Hawai'i Federal Bar
P. O. Box 944
Hilo, Hawai'i 96721-0944
(808) 936-4428
Lanny.Sinkin@gmail.com
Counsel for Petitioner

*Original*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 03 2016

at 3 o'clock and 37 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| Frank Kamehameha Tamehaloha Anuumealani Nobriga,<br>In his capacity as Kahuna of the Temple of Lono,<br><br>    Plaintiff<br><br>Vs.<br><br>Gregory Mooers, in his official capacity as Chair, Mauna Kea Management Board,<br><br>Dr. Greg Chun, in his official capacity as Member, Mauna Kea Management Board,<br><br>Roger Imoto, in his official capacity as Member, Mauna Kea Management Board,<br><br>Herring Kalua, in his official capacity as Member, Mauna Kea Management Board,<br><br>Douglas Simons, in his official capacity as Member, Mauna Kea Management Board,<br><br>Hannah Kiahalani Springer, in her official capacity as Member, Mauna Kea Management Board,<br><br>Lehua Veincent, in his official capacity | CV16 00540 JMS KJM<br><br>COMPLAINT;<br>~~PETITION FOR TEMPORARY RESTRAINING ORDER,~~<br>~~PRELIMINARY AND PERMANENT INJUNCTION; MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER WITH EXHIBIT 1; DECLARATION OF KAHUNA OF THE TEMPLE OF LONO;~~ PROPOSED ORDER; CERTIFICATE OF SERVICE<br><br>Agenda;<br>Exhibit 2:<br>PRIOR COMPLAINT;<br>Exhibit 3:<br>Declaration of Counsel;<br>Exhibit 4:<br>Declaration of Kahuna |

1

```
            as Member, Mauna Kea        )
            Management Board,           )
                                        )
    _____Defendants_____)
```

## COMPLAINT

NOW COMES FRANK KAMEHAMEHA TAMEHALOHA ANUUMEALANI NOBRIGA and files this Complaint seeking assistance from this Honorable Court in protecting the rights of those embracing the traditional faith of the Hawaiian people.

## JURISDICTION

1. Plaintiff herein alleges that Defendants are violating the rights of those embracing the traditional faith of the Hawaiian people by initiating action to coerce those practicing the traditional Hawaiian faith into adopting practices defined by the Defendants and to impose penalties upon those practitioners not conforming to the guidelines and policies adopted by the Defendants. Defendants' actions violate 42 U.S.C. § 1983 and the rights of Plaintiff and others similarly situated protected by the First and Fourteenth Amendments to the United States Constitution.

2. This Honorable Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question).

## Plaintiff

3. Plaintiff is the Kahuna of the Temple of Lono, a traditional faith of the Hawaiian people.

## Defendants

4. Defendants are all members of the Board of the Office of Mauna Kea Management.[1]

---

[1] Office of Mauna Kea Management(OMKM) - The Maunakea Management Board provides the community with a sustained direct voice for the management of the Maunakea. The Board is comprised of seven members from the community who are

2

## Facts

5. On July 6, 2015, Plaintiff filed a petition for a temporary restraining order in United States District Court for the District of Hawai'i. CV15-00254 DKW BMK.

6. Plaintiff named various State officials, including the Chair of the Office of Mauna Kea Management (OMKM) Board.

7. The basis for the complaint was a set of restrictive rules that the OMKM had imposed on those engaged in the practice of the traditional Hawaiian faith on Mauna Kea, the sacred mountain on the Island of Hawai'i.

8. Those restrictive rules included allowing access to the summit for spiritual purposes only at a particular time of day.

9. Those restrictive rules included limiting the number of people that could ascend the Mountain for spiritual purposes to ten.

10. The restrictive rules included requiring those ascending the Mountain to be accompanied by an OMKM Ranger, who was to remain throughout the spiritual practice.

11. The restrictive rules applied only to those engaged in spiritual practice and did not apply to water trucks, tourists, astronomers, or anyone else.

12. The OMKM issued the rules with no public notice or other opportunity for public comment.

---

nominated by the UH Hilo Chancellor and approved by the UH Board of Regents. The volunteer members represent a cross-section of the community and serve as the community's voice providing input on operations and activities, developing policies, reviewing and providing recommendations for land uses planned for Maunakea.

http://www.malamamaunakea.org/management/mauna-kea-management-board

13. Shortly after the Plaintiff filed suit, the OMKM withdrew the rules.

14. Based on that withdrawal and a separate State court decision striking down rules issued by another State agency also restricting spiritual practices on the Mountain, the Plaintiff agreed to a dismissal of the suit without prejudice.

15. The OMKM Board is scheduled to meet on **Tuesday, October 4 at 10:00 a.m.**

16. On the Agenda for the Board meeting are the following items:

"VI. NEW BUSINESS
...
B. Action Item CR-5 Develop and Adopt Guidelines for the **Culturally Appropriate Placement and Removal of Offerings**

C. Action Item CR-8 Develop and **Adopt a Management Policy** for UH Management Areas **on the Scattering of Cremated Human Remains**

D. Action Item CR-7  Determination of the **Appropriateness of Constructing new Hawaiian Cultural Features**

E. Action Item CR-9 Management Policy for the **Cultural Appropriateness of Building Ahu [altar] or 'Stacking of Rocks.'**" (emphasis added).

17. The OMKM moving beyond imposing restrictive rules onß spiritual practices to now making the determination of what constitutes appropriate spiritual practice compelled the Plaintiff to file this action.

4

## Relief

18. Plaintiff seeks relief in the form of a Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, attorneys' fees, and such other relief as the Court finds appropriate to prevent violations of the constitutional rights of traditional faith practitioners.

Respectfully submitted,

_Lanny Alan Sinkin_
Lanny Alan Sinkin
Counsel for Plaintiff

Dated: October 2, 2016