IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANK KAMEHAMEHA TAMEHALOHA ANUUMEALANI NOBRIGA, in his capacity as Kahuna of the Temple of Lono,<br><br>      Plaintiff,<br><br>      vs.<br><br>GREGORY MOOERS, in his official capacity as Chair, Mauna Kea Management Board, et al.,<br><br>      Defendants. | CIV. NO. 16-00540 JMS-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION

Before the court is Plaintiff Frank Kamehameha Tamehaloha Anuumealani Nobriga in his capacity as Kahuna of the Temple of Lono's ("Plaintiff") Motion for Temporary Restraining Order ("Motion for TRO"), filed on October 3, 2016. Although not clear, Plaintiff's Motion for TRO apparently seeks (1) to enjoin officials of the Office of Mauna Kea Management ("Board") from "[c]onsidering the adoption of guidelines and/or policies that purport to determine what constitutes an appropriate practice of the traditional Hawaiian

faith," and (2) "[o]therwise pursuing regulatory schemes based on the premise that the Office of Mauna Kea Management has authority to determine what constitutes an appropriate practice within the traditional Hawaiian faith." He seeks to challenge actions of the Board that are listed as an agenda item for a Board meeting scheduled to occur on October 4, 2016.

Based on the following, the Motion for TRO is DENIED.

## II. **STANDARD OF REVIEW**

A court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In addition, the movant or his attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Even if such notice is provided, a TRO may issue only if Plaintiffs meet their burden under well-established factors. The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See, e.g.*, *Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d

2

832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction is an extraordinary and drastic remedy never awarded as of right. *Munaf v. Green*, 553 U.S. 674, 689-90 (2008) (citations omitted). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasizes that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is *likely* in the absence of an injunction." 555 U.S. at 22; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

///

///

## III. DISCUSSION

Plaintiff fails to meet the requirements for granting a TRO without notice. First, Plaintiff has not demonstrated compliance with the requirements of Federal Rules of Civil Procedure 65(b)(1)(A) & (B). As to the first requirement, Plaintiff did not provide *any* specific facts establishing that "immediate and irreparable injury, loss, or damage will result" to him. Plaintiff has filed no declaration certified under 28 U.S.C. § 1746 under penalty of perjury, nor any other admissible evidence, establishing an immediate loss. Moreover, the Complaint was not verified. *See* Fed. R. Civ. P. 65(b)(1)(A) (requiring "specific facts in an affidavit or a verified complaint"). As to the second requirement, Plaintiff has not "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Moreover, even if Defendants had sufficient notice, Plaintiff's Motion for TRO fails because Plaintiff has not demonstrated a likelihood of success on the merits.

Plaintiff's claim is not ripe. Plaintiff apparently seeks as immediate relief an order from this court preventing the Board from even considering the undefined (on this record) agenda items at its scheduled October 4, 2016 meeting. He claims that his First Amendment right to freedom of religion will be harmed by

4

proposed actions of the Board. As best the court can tell from the limited record before the court, the Board has not yet acted to promulgate rules that might injure Plaintiff -- all the Board has done is provide notice of an agenda of a Board meeting that has not yet occurred. No constitutional injury to Plaintiff's First Amendment rights has yet occurred, nor has he demonstrated that such injury is not speculative. *See, e.g.*, *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985)); *see also Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000) (requiring an injury that is "actual or imminent, not 'conjectural' or 'hypothetical'") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Id*. (citing *Lyons*, 461 U.S. 95, 110-11 (1983)).

      Plaintiff, however, argues that "[t]here is no need for the Court to wait for the [Office of Mauna Kea Management] Board to act because the posting of the Agenda items is sufficient to demonstrate the belief on the part of the OMKM that the State agency has authority that the agency clearly does not have." Mot. at 5. He thus claims constitutional injury merely from posting an agenda to

5

discuss and/or ratify rules.  But merely giving notice of the Board's agenda by itself cannot constitute constitutional injury to Plaintiff's freedom of religion.  He thus fails to demonstrate a likelihood of success on the merits.

Accordingly, to the extent Plaintiff seeks a TRO halting or preventing the October 4, 2016 Board meeting from occurring (the only relevant event that will occur immediately), the Motion for TRO is DENIED.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

DATED, Honolulu, Hawaii, October 3, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge


*Nobriga v. Mooers et al.*, Civ. No. 16-00540 JMS-KJM, Order Denying Plaintiff's Motion for Temporary Restraining Order